REICHENBACH VS. FISHER.

*Judgment, when not vitiated by clerical error.*

1. A court commissioner made an order reducing the amount of a justice's judgment as the same appeared from the transcript filed in the circuit court, on the ground that the judgment was rendered and entered by the justice for the smaller sum. Whether the commissioner had authority to make such order is not decided.

2. It appears that the plaintiff was clearly entitled to a judgment for the sum named in the transcript; the judgment was so rendered; and it was so entered on the *margin* of his docket, though there was a clerical mistake as to the amount in the *body* of the docket entry. *Held*, that the circuit court did not err in vacating the commissioner's order.

APPEAL from the Circuit Court for *Dane* County.

On the 23d day of October, 1871, the plaintiff recovered a judgment in justice's court against the defendant, and afterwards procured from the justice, and filed in the office of the clerk of the circuit court for the proper county, a transcript thereof, and caused execution to be issued out of the circuit court upon such judgment. The transcript shows that the judgment was rendered for $153.50 damages, and $12.75 costs.

A motion was made before a court commissioner by the defendant, upon which an order was made by that officer reducing the judgment to $100.53 damages, and $2.75 costs. The item of costs which was stricken out by the commissioner is $10 attorney's fees. The motion papers on behalf of the defendant allege that the judgment was entered by the justice in the following form: "Cause submitted, and judgment rendered for plaintiff and against the defendant for the sum of one hundred dollars and fifty-three cents, and for costs," and that in the margin be entered the following: "Damages, $153.50; justice fees, $2.10; attorney's fees, $10.00; sheriff's fees, 65 cents."

The foregoing statement as to the form of the judgment appears in the affidavit of the defendant's attorney, which was read on the hearing of the motion. The plaintiff read on such hearing a duly certified copy of the docket entries in the case, which contains the following: "Judgment rendered for plaintiff against defendant for the sum of one hundred and fifty-three dollars and fifty cents damages and for costs: Damages, $153.-50; justice fees, $2.10; sheriff's fee, 65 cents; attorney's fees, $10.00." The justice also certifies specially that he rendered judgment for $153.50 damages, and $12.75 costs.

The circuit court, on motion of the plaintiff, vacated the order made by the commissioner reducing the judgment; from which order of the circuit court the defendant appealed.

*Francis Massing*, for appellant, to the point that the justice had no right to alter his judgment, and no right to give a transcript different from the judgment entered, cited *Steckmesser v. Graham*, 10 Wis., 37; *People v. Delaware C. P.*, 18 Wend., 558; *People v. Lynde*, 8 Cow., 133. The statement in the margin of the justice's docket constitutes no part of the judgment, but is a mere memorandum.

*Sanborn & Jones*, for respondent, argued that the statute, R. S., ch. 120, sec. 11, provided that the justice should enter upon his docket the amount of the debt, damages, costs and fees separately. Such entry was made in this case, and constituted the several items making up the judgment. The statement thus made constitutes a special finding of the amount due to plaintiff and to each officer and person entitled to fees. Conceding a clerical mistake, as claimed by appellant, such mistake should not control the special finding, but should be controlled by it. *Ciscel v. Wheatley*, 27 Wis., 618.

LYON, J. Waiving the question as to the power of the commissioner to make the order which was vacated by the circuit court, and conceding, for the purposes of the case, that the judgment was originally entered by the justice in the form claimed by the defendant, we still think that the commissioner's order was properly vacated by the circuit court.

On the hearing of the motion to vacate, it appeared that the judgment was rendered on a promissory note given by the defendant for $150 and ten per cent. interest, no part of which note had been paid. The defendant does not claim that there was not due to the plaintiff on the note $153.50 when the judgment was rendered. With no merits in his application, without any pretense that he has been injured, in the absence of any equities in his favor, he comes into court, and, founding

his application upon a mere technicality, asks for relief of an equitable nature, and which should only be granted upon equitable principles. There is sufficient in the judgment which the defendant claims was originally entered by the justice, to show that the latter intended that it should be for $153.50 damages, and we have no difficulty in holding that he carried out such intention, notwithstanding the clerical mistake in one part of the judgment.

*By the Court.*—The order appealed from is affirmed.